E. Duane BROOKS, Plaintiff—Appellant,

v.

CITIBANK (SOUTH DAKOTA), N.A., a national association; Harrington, Anderson & Deblasio, an unregistered Oregon partnership; David H. Deblasio, Esq., Defendants—Appellees.

No. 08–35574.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 3, 2009.*

Filed Sept. 8, 2009.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Danny H. Gerlt, Esquire, Portland, OR, for Plaintiff–Appellant.

Kathryn P. Salyer, Esquire, Farleigh, Wada & Witt, Robert E. Sabido, Cosgrave Vergeer Kester LLP, Portland, OR, for Defendants–Appellees.

Before: HAWKINS, McKEOWN, and BYBEE, Circuit Judges.

## MEMORANDUM **

E. Duane Brooks appeals (1) the Rule 12(b)(6) dismissal of his claims against Citibank under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., (2) the grant of summary judgment to Citibank on his claims under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et. seq., and (3) the imposition of monetary sanctions against him for failing to comply with prior rulings limiting discovery. We affirm.

■ The FDCPA prohibits "debt collector[s]" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. A "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). A "creditor" is defined as "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692a(4). The text of the FDCPA as well as its legislative history make clear that Congress did not intend the Act to encompass creditors. See S.Rep. No. 95–382, at *2, U.S.Code Cong. & Admin.News 1977, pp. 1695, 1696–97 ("Unlike creditors, who generally are restrained by the desire to protect their good will when collecting past due accounts, independent collectors are likely to have no future contact with the consumer and often are unconcerned with the consumer's opinion of them."); id. at *3 ("The term debt collector is not intended to include ... 'in house' collectors for creditors so long as they use the creditor's true business name when collecting."). Brooks's own complaint states that "Citibank alleged that [Brooks] was obligated to Citibank for consumer debt on a credit card account maintained by Citibank ('the debt')," making it clear that Citibank is a creditor, not a debt collector, under § 1692a(4). Brooks's assertion that "after reasonable opportunity for investigation and discovery, the evidence will show that Citibank is a debt collector," represents nothing more than a "[t]hreadbare recital[ ] of the elements of a cause of action, supported by [a] mere conclusory statement[ ]" and was therefore properly rejected by the district court. Ashcroft v. Iqbal, —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); see also Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981) ("We do not ... necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations."). The district court thus correctly dismissed Brooks's FDCPA claims.

■ There was no error in granting Citibank summary judgment on Brooks's FCRA claims. Under the FCRA, when an entity that furnishes information to consumer reporting agencies is notified of a "dispute with regard to the completeness of [the] information" it provides, the entity must, among other things, "(A) conduct an investigation with respect to the disputed

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

information," "(B) review all relevant information provided by the consumer reporting agency," and "(C) report the results of the investigation to the consumer reporting agency." 15 U.S.C. § 1681s–2(b)(1)(A)–(C). The letters received by Citibank regarding Brooks's disputed account did not indicate that Brooks's domestic partner was responsible for it, nor did it claim that Brooks was the victim of fraud; rather, Brooks simply made generic claims of inaccurate account information. It is undisputed that, in response to each dispute form it received, Citibank compared the personal information provided by Brooks to the information in its records (including his home address, social security number, date of birth, and home telephone number), checked the account information, noted that statements for the account had been mailed to Brooks at his listed address, and confirmed the accuracy of the debt. Although Brooks asserts that "Citibank has no policies, procedures or standards for when records outside the general information need to be reviewed or in the alternative was unwilling to disclose the same," he offers no real analysis of what additional information Citibank should have consulted, particularly in light of the limited information he provided. The district court thus correctly determined that Citibank's investigation upon receiving notice that Brooks disputed the debt was reasonable as a matter of law.

█ Nor was there any abuse of discretion in imposing sanctions against Brooks under Federal Rule of Civil Procedure 37 in connection with his discovery requests. In support of its imposition of sanctions, the court noted that Brooks had "steadfastly refused to accept [the court's] dismissal of the two prior FDCPA claims," and that he had "also failed to fulfill his obligation to modify and narrow his remaining discovery requests to the single

FCRA claim that remains." The district court further held that Brooks's additional demands included requests for documents and testimony already produced by Citibank, "[r]equests that are either nonsensical or overbroad" and "[r]equests that do not need to be resolved prior to summary judgment." Both the district court's characterization of Brooks's discovery requests and its decision to impose sanctions were amply justified and not an abuse of discretion.

█ Finally, Citibank argues that Brooks filed this lawsuit well aware of the substantial authority making clear that Citibank was not a debt collector within the meaning of the FDCPA, and therefore requests that we award it attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3). Section 1692k(a)(3) provides that "[o]n a finding by the court that an action under this section was brought in bad faith and for the purpose of harassment, the court may award to the defendant attorney's fees reasonable in relation to the work expended and costs." Whether a claim was brought in bad faith for the purpose of harassment is a factual finding that we review for clear error, while a district court's ultimate decision to grant or deny attorney's fees is reviewed for abuse of discretion. *See Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 933 (9th Cir.2007). Here, the district court made no factual finding with respect to Brooks's alleged bad faith. Thus, we remand this matter to the district court to determine in the first instance whether Citibank is entitled to attorney's fees under § 1692k(a)(3).

AFFIRMED and REMANDED.